UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOSHUA DONOHUE, Individually and )
on behalf of all others similarly situated, )
              Plaintiffs )
               )
v. )
               )
SERVICEMAC, LLC )
              Defendant )

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Joshua Donohue ("Plaintiff"), by his attorneys, alleges the following on behalf of himself and all others similarly situated ("the Class"). Named as Defendant is ServicMac, LLC ("ServiceMac" or "Defendant").

## PARTIES

1. Plaintiff, Joshua Donohue, is a resident of Hampden County, Massachusetts.

2. Defendant, ServiceMac, LLC has a principal place of business at 9726 Old Bailes Road, Suite 200, Fort Mill, SC 29707.

3. This Court has jurisdiction over the subject matter of Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (b), 15 U.S.C. § 1692, 15 U.S.C. §1639, and 12 U.S.C. 2605.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) since the Plaintiff resides in this district and Defendant regularly conducts business in this district.

## FACTUAL BACKGROUND

5. On or about December 29, 2017, Plaintiff obtained a loan for personal, family, or household purposes and was relating to a primary residence located in Hampden County, Massachusetts.

6. The loan was secured by a residential mortgage on Plaintiff's primary residence.

7. On December 29, 2017, the mortgage was recorded in the Hampden County Registry of Deeds in Book 22009, Page 581. See **Exhibit A**.

1

8. At all relevant times, including times after December 29, 2017, Defendant was a lender, mortgagee, note holder, debt collector and/or third-party loan servicer of the loan and/or mortgage.

**OBLIGATION TO FURNISH A LOAN PAYOFF STATEMENT**

9. Massachusetts law and federal law impose statutory obligations on lenders, mortgagees, note holders, debt collectors, and third-party loan servicers to issue loan payoff statements on all Massachusetts mortgage loans—commercial and residential. *See* Mass. G.L. c.183, §54D; 12 C.F.R. § 1026.36.

**Request for Loan Payoff**

10. The obligor on a note (Plaintiff) or an authorized person – a person acting for the obligor under a written document (*e.g.*, obligor's representative, such as an attorney, non-profit consumer counseling organization, or creditor with which the consumer is refinancing and which requires the payoff statement) – may by written request ask a lender, mortgagee, note holder, debt collector, and/or third-party loan servicer who is receiving payments under a mortgage note to provide a written payoff statement "sufficient to enable the mortgagor or the authorized person to conclusively make full payment of the outstanding indebtedness under the mortgage . . . as of a certain payment date which shall be specified in the request and which shall be no more than 30 days from the date of request." *See* Mass. Gen. Laws ch. 183, § 54D(a).

11. Regulation Z states that a lender, mortgagee, note holder, debt collector, or third-party loan servicer "must provide an accurate statement of the total outstanding balances that would be required to pay the consumer's obligation in full as of a specified date." *See* 12 C.F.R. § 1026.36(c)(3).

12. On October 23, 2020, Connor & Morneau, LLP was acting for Plaintiff under a written document as an authorized person for Plaintiff. *See* Payoff Request Letter attached hereto as **Exhibit B**.

13. Connor & Morneau, LLP made a written request for Plaintiff asking Defendant to provide a written payoff statement for November 27, 2020. *See* **Exhibit B**.

14. The written request asked Defendant to specify an amount certain as of November 27, 2020 which will pay off any and all indebtedness secured by the mortgage. *See* **Exhibit B**.

15. Subsequently, Plaintiff and/or Connor & Morneau made additional written requests asking Defendant to provide a written payoff statement specifying an amount certain as of certain date which will pay off any and all indebtedness secured by the mortgage. *See* **Exhibit B**.

**Issuance of Loan Payoff**

16. Under Massachusetts law, a lender, mortgagee, note holder, debt collector, or third-party loan servicer must provide a payoff statement in written form to the requesting party within five business days of receipt of the payoff request. *See* Mass. Gen. Laws ch. 183, § 54D(a).

17. Under Federal law, a lender, mortgagee, note holder, debt collector, or third-party loan servicer who owns the loan or servicing rights must provide an accurate payoff statement in written form to the requesting party within seven business days of receipt of the payoff request. *See* 12 C.F.R. § 1026.36(c)(3).

18. The payoff statement must be accurate when issued. *See* Mass. Gen. Laws ch. 183, § 54D(a); 12 C.F.R. § 1026.36(c)(3).

19. If the requesting party provides the lender, mortgagee, note holder, debt collector, or third-party loan servicer with only a mailing address, then the lender, mortgagee, note holder, debt collector, or third-party loan servicer must mail and postmark the payoff statement to the requesting party within five business days. *See* Mass. Gen. Laws ch. 183, § 54D(b).

20. If the requesting party provides the lender, mortgagee, note holder, debt collector, or third-party loan servicer with a fax number or e-mail address, then the lender, mortgagee, note holder, debt collector, or third-party loan servicer must "ensure receipt by the requesting party" within the five business day period. *See* Mass. Gen. Laws ch. 183, § 54D(b).

21. A lender, mortgagee, note holder, debt collector, or third-party loan servicer can send the payoff statement by facsimile or e-mail, rather than regular mail, if the requesting party has furnished a fax number or e-mail address. *See* Mass. Gen. Laws ch. 183, § 54D(b).

22. A lender, mortgagee, note holder, debt collector, or third-party loan servicer who fails without reasonable cause to provide a timely payoff statement shall be liable for the greater of $500 or the mortgagor's actual damages caused by the failure, plus reasonable attorney's fees and costs. *See* Mass. Gen. Laws ch. 183, § 54D(e).

23. On or about October 22, 2020, December 1, 2020, and December 3, 2020, Defendant provided Payoff Statements in written form to Connor & Morneau, LLP and/or Plaintiff by facsimile and/or email. *See* Payoff Statements attached hereto as **Exhibit C**.

24. Upon information and belief, Defendant provided payoff statements in written form to Class members (or their authorized representatives) by facsimile and/or email.

**Contents / Accuracy of Payoff Statement**

25. Under Massachusetts law, the payoff statement must specify (1) an amount certain as of the payoff date that will pay off all indebtedness secured by the mortgage (or a lesser amount sufficient to obtain a partial release) and (2) a per diem amount or formula to cover payoffs made after the specified payoff date. *See* Mass. Gen. Laws ch. 183, § 54D(c).

26. Under Federal law, the payoff statement must specify (a) the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. *See* 12 C.F.R. § 1026.36(c)(3).

27. A payoff statement may condition the payoff amount or any additional payoff amount due beyond the specified payoff date on an escrow or other disbursements that the lender, mortgagee, note holder, debt collector, or third-party loan servicer may be permitted or required under the mortgage to make between the payoff date specified in the request and 30 days thereafter provided that the payoff statement specifies the nature, amount and anticipated payment date for those disbursements, if known or reasonably ascertainable by the lender, mortgagee, note holder, debt collector, or third-party loan servicer providing the payoff statement. *See* Mass. Gen. Laws ch. 183, § 54D(c).

28. The December 3, 2020 Payoff Statement was good through December 4, 2020. *See* **Exhibit C**.

29. The Payoff Statement indicated that the total payoff amount was $188,761.48, which consisted of the following: (a) Current Principal Balance of $188,761.48; (b) Interest of $62.00; (c) Document Recording Fee of $107.00 (even though the actual recording fee was $105.00); and (d) Third Party Payoff Fee of $0.00. *See* **Exhibit C**.

30. The Payoff Statement also indicated that funds received on or after December 4, 2020 will require an additional $20.67 interest per day. *See* **Exhibit C**.

31. The Payoff Statement did not comply with Massachusetts law because, among other things, the Payoff Statement: (a) did not indicate an accurate amount certain as of the payoff date requested and included amounts in excess of the actual amount needed to pay off all indebtedness secured by the mortgage because the Payoff Statement included a Document Recording Fee (presumably for a discharge of mortgage) of $107.00 when the fee to record a Discharge of Mortgage in Massachusetts is only $105.00.

32. The Payoff Statement did not comply with Federal law because, among other things, the Payoff Statement: (a) did not indicate an accurate amount certain as of the payoff date requested and included amounts in excess of the actual amount needed to pay off all indebtedness secured by the mortgage because the Payoff Statement included a Document Recording Fee (presumably for a discharge of mortgage) of $107.00 when the fee to record a Discharge of Mortgage in Massachusetts is only $105.00.

## OBLIGATION TO PROVIDE DISCHARGE

### Discharge / Document Preparation Fee / Mortgage Release Recording Fee / Wiring Fee

33. Mass. G.L. c.183, §55 unconditionally requires a lender, mortgagee, note holder, debt collector, or third-party loan servicer to issue a discharge within 45 days of receipt of full payment of the mortgage. *See* Mass. G.L. c.183, §55(a)(1).

34. In Massachusetts, a lender, mortgagee, note holder, debt collector, or third-party loan servicer cannot charge, collect, recover or require amounts in excess of the full payment of the mortgage and document recording fees allowed by Massachusetts law in order to obtain a discharge. *See* Mass. G.L. c.183, §55(a)(1).

35. Neither Massachusetts law nor any of Plaintiff's loan documentation permits or discloses fees for a discharge that are in excess of the full payment of the mortgage and document recording fees allowed by Massachusetts law. *See* Mass. G.L. c.183, §55(a)(1).

36. Defendant charges, collects, recovers or requires Plaintiff and the Class to pay and excessive Recording Fee to obtain a Payoff, Mortgage Discharge, Release or Partial Release in Massachusetts.

37. Moreover, the amount of the Recording Fee relating to the Payoff, Payoff Statement, and/or discharge of Plaintiffs' mortgage are excessive and unreasonable.

38. A recording fee schedule effective December 31, 2019 is attached hereto as **Exhibit D**.

39. Since approximately December 31, 2019, the recording fee for a Mortgage Discharge, Release or Partial Release in Massachusetts has been $105.00. *Id*.

40. According to the Payoff Statement (**Exhibit C**), Defendant charges, collects, recovers or requires consumers to pay more than $105.00 to record a Mortgage Discharge, Release or Partial Release in Massachusetts.

41. Plaintiff and the Class paid Defendant more than $105.00 to record a Mortgage Discharge, Release or Partial Release in Massachusetts.

## UNFAIR AND DECEPTIVE ACTS OF PRACTICES

42. The unfair and deceptive acts or practices engaged in by Defendant as lender, mortgagee, note holder, debt collector, or third-party loan servicer are described above and below and include, but are not limited to, the following:

   a. **As a debt collector**: using false, deceptive, or misleading representation or means in connection with the collection of a debt by: (a) falsely representing the character, amount, or legal status of any debt (209 CMR 18.16) (15 U.S.C. § 1692e); and (b) falsely representing the services rendered or compensation which may be lawfully received (209 CMR 18.16) (15 U.S.C. § 1692e).

   b. **As a debt collector**: using unfair or unconscionable means to collect or attempt to collect a debt by collecting amounts (including any interest, fee, charge, or expense incidental to the principal obligation) that are not expressly authorized by an agreement creating the debt or permitted by law (209 CMR 18.17) (15 U.S. C. 1692f).

   c. **As a third-party loan servicer**: using unfair or unconscionable means in servicing a loan by: (a) charging excessive or unreasonable fees to provide loan information; and (b) misrepresenting material information in connection with the servicing of the loan, including, but not limited to, misrepresenting the amount, nature or terms of any fee or payment due or claimed to be due on a loan, the terms and conditions of the servicing contract or the borrower's obligations under the loan (209 CMR 18.21).

   d. **As a third-party loan servicer**: using unfair or unconscionable means in servicing a mortgage loan by failing to comply with the provisions of M.G.L. c. 183, § 54D and Regulation Z regarding providing loan payoff information to a consumer (209 CMR 18.21A) (12 C.F.R. § 1026.36(c)(3)).

43. As a result of Defendant's violations of Massachusetts laws and Federal laws, Defendant's unfair and deceptive acts and practices, and Defendant's willful and intentional conduct, Plaintiff and the Class incurred damages.

## CLASS ACTION ALLEGATIONS

44. The class allegations are brought pursuant to Rule 23 of the Rules of Civil Procedure.

45. The Class includes the following:

   a. **Recording Fee Schedule Class**: All customers of Defendant who were charged and paid more than the Massachusetts Registry of Deeds Fee Schedule for recording a Mortgage Discharge, Release or Partial Release in Massachusetts.

  b. **Accurate Payoff Statement Class**: All customers of Defendant who requested a written payoff statement from Defendant and did not receive and accurate payoff balance or statement.

46. Plaintiff reserves the right to modify the class definitions before moving for class certification, including a reservation of the right to seek to certify subclasses, if discovery or other factors reveal that modifying the class definitions and/or seeking additional subclasses would be appropriate.

47. Plaintiff brings this action on his own behalf and on behalf of a Class of all others similarly situated. The Relevant Period is limited to the applicable statute of limitations for claims at issue and runs until the date of entry of final judgment in this action.

48. **Numerosity**: The Class is composed of at least one hundred (100) people, the joinder of whom is impracticable except by means of a class action. The disposition of their claims in a class action will benefit the parties and the Court. Defendant has at least one hundred (100) customers in Massachusetts who meet each of the class definitions above, and thus the Class is sufficiently numerous to make joinder impracticable, if not completely impossible.

49. **Commonality**: There is a well-defined community of interest in the questions of law and fact involving and affecting the parties to be represented. Common questions of law and fact exist and such common questions predominate over any questions of law or fact which may affect only individual Class Members. Such common questions include but are not limited to the following:

  a. Whether Defendant is a lender, mortgagee, note holder, debt collector, or third-party loan servicer;
  b. Whether Defendant charged Plaintiff and the Class more than the Massachusetts Registry of Deeds Fee Schedule for recording a Mortgage Discharge, Release or Partial Release in Massachusetts;
  c. Whether Plaintiff and the Class paid Defendant more than the Massachusetts Registry of Deeds Fee Schedule for recording a Mortgage Discharge, Release or Partial Release in Massachusetts;
  d. Whether Defendant breached similar or identical contacts with Plaintiff and Class Members;
  e. Whether Defendant violated state law of unjust enrichment;
  f. Whether, by reason of Defendant's violations of Massachusetts law, Plaintiff and Class Members are entitled to damages;
  g. Whether, by reason of Defendant's violations of Federal law, Plaintiff and Class Members are entitled to damages;
  h. The nature and extent of damages and other remedies that Plaintiff and Class Members are entitled to under the Massachusetts law; and
  i. The nature and extent of damages and other remedies that Plaintiff and Class Members are entitled to under Federal law.

50. **Typicality**: Plaintiff asserts claims that are typical of the claims of the entire Class because Plaintiff and Class Members were similarly situated, Plaintiff and Class Members were similarly injured, and Defendant had common policies, practices, and procedures. Further, there are no defenses available to Defendant this are unique to Plaintiff.

51. **Adequacy**: Plaintiff and his attorneys will fairly and adequately represent and protect the interest of the Class. Plaintiff has no interests antagonistic of those of the Class. Plaintiff has retained counsel who are competent and experienced in class action litigation.

52. **Predominance**: Defendant have acted or refused to act on grounds generally applicable to all members of the Class, thereby making final relief concerning the Class as a whole appropriate.

53. Plaintiff and the Class have suffered injury and damages as a result of Defendant's wrongful conduct as alleged herein. Absent a class action, the Class will continue to suffer injury, thereby allowing these alleged violations of law to proceed without remedy, and allowing Defendant to retain the proceeds of its ill-gotten gains.

54. **Superiority**: Plaintiff anticipates that there will be no difficulty in the management of this litigation. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

55. Plaintiff reassert and incorporate herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

56. Plaintiff and the Class had contracts with Defendant.

57. Plaintiff and the Class performed according to such contract.

58. Defendant failed to perform according to such contracts by, among other things, the conduct alleged above.

59. Plaintiff and the Class have suffered injury, been damaged, and lost money.

60. Plaintiff and the Class sustained and are entitled to damages.

61. As a proximate and foreseeable consequence of Defendant's violations, Plaintiff and the Class sustained damages.

## COUNT II
## UNJUST ENRICHMENT

62. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

63. Defendant's practices resulted in Plaintiff and the Class not receiving more money and in Defendant receiving more money during the Relevant Period.

64. The monies paid by Plaintiff and the Class to Defendant conferred substantial benefits upon Defendant.

65. All monies paid to Defendant that should not have been paid by Plaintiff and the Class constitute a benefit that the Defendant sought and voluntarily accepted.

66. Defendant knew of the benefits conferred upon it by Plaintiff and the Class.

67. Defendant appreciated the benefits conferred upon it by Plaintiff and the Class.

68. Defendant accepted the benefits conferred upon it by Plaintiff and the Class.

69. Defendant retained the benefits conferred upon it by Plaintiff and the Class.

70. Defendant's acceptance and/or retention of such benefits under the foregoing circumstances is inequitable.

71. Defendant was unjustly enriched.

72. Plaintiff and the Class sustained damages.

## COUNT III
## FAIR DEBT COLLECTION PRACTICES ACT
## (15 U.S.C. 1692(e) and 1692(f))

73. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

74. Plaintiff and the Class are consumers.

75. Plaintiff and the Class were obligated and/or allegedly obligated to pay a consumer debt.

76. Defendant is a consumer debt collector.

77. Defendant collected and/or attempted to collect a consumer debt from Plaintiff and the Class.

78. Defendant engaged in an act or omission prohibited by the FDCPA

79. As a proximate and foreseeable consequence of Defendant's violations of the FDCPA, Plaintiff and the Class sustained damages.

## COUNT IV
## TRUTH IN LENDING ACT
## (15 U.S.C. 1639(k)(1)(C))

80. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

81. Plaintiff and the Class, or a person acting on their behalf, requested the total outstanding balance that was required to pay Plaintiff and the Class' obligations in full as of a specified date.

82. Defendant failed to provide an accurate payoff statement of the total outstanding balance that was required to pay Plaintiff and the Class' obligation in full as of a specified date. 12 C.F.R. § 1026.36(c)(3).

83. Defendant failed to send a payoff statement within a reasonable time after Defendant received the written request from Plaintiff and the Class or a person acting on behalf of Plaintiff and the Class. 12 C.F.R. § 1026.36(c)(3).

84. Defendant failed to send an accurate payoff statement to Plaintiff and the Class in accordance with 15 U.S.C. § 1639 and 12 C.F.R. § 1026.36(c)(3).

85. As a proximate and foreseeable consequence of Defendant's violations of the TILA, Plaintiff and the Class sustained damages.

## COUNT V
## REAL ESTATE SETTLEMENT PROCEDURES ACT
## (12 U.S.C. 2605(k)(1)(C))

86. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

87. Plaintiff and the Class, or a person acting on their behalf, provided Defendant with a written notice of an error relating to the payoff balance and payoff statement. See 12 C.F.R. § 1024.35.

88. Defendant to take timely action to respond to the notice of error. See 12 U.S.C. § 2605(k)(1)(C).

89. As a proximate and foreseeable consequence of Defendant's violations of the RESPA, Plaintiff and the Class sustained damages.

## CLAIMS FOR RELIEF

Wherefore, Plaintiff and the Class respectfully request that the Court:

A. Certify this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure and designate Plaintiff as the representative of the Class and Plaintiff's Counsel as Class Counsel.

B. Determine the damages sustained by Plaintiff and the Class as a result of Defendant's violations of law, and award any actual damages proved, and direct that Defendant disgorge all unjust enrichment which Defendant received during the Relevant Period.

C. Determine the damages sustained by Plaintiff as a result of Defendant's FDCPA violations, and award Plaintiff:

   a. actual damages; and
   b. additional damages as the court may allow up to $1,000 15 U.S.C. § 1692k(a)(2)(A). *See* 15 U.S.C. § 1692k(a)(1).

D. Determine the damages sustained by the Class as a result of Defendant's FDCPA violations, and award the Class:

   a. damages as the court may allow up to $1,000; and
   b. such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant. *See* 15 U.S.C. § 1692k(a)(2)(B)(i).

E. Determine the damages sustained by Plaintiff as a result of Defendant's TILA violations and award Plaintiff:

   a. actual damages;
   b. twice the amount of any finance charge in connection with the transaction;
   c. not less than $400 or more than $4,000; and
   d. the sum of all finance charges and fees paid by Plaintiff. *See* 15 U.S.C. § 1640(a)(4); 15 U.S.C. § 1640(a)(2)(A)(i); 15 U.S.C. § 1640(a)(2)(A)(iv); 15 U.S.C. § 1640(a)(4).

F. Determine the damages sustained by the Class as a result of Defendant's TILA violations, and award the Class:

   a. the lesser of $1,000,000 or 1 per centum of the net worth of Defendant <u>for each failure to comply</u>; and
   b. the sum of all finance charges and fees paid by Plaintiff and the Class. *See* 15 U.S.C. § 1640(a)(2)(B); 15 U.S.C. § 1640(a)(4).

G. Determine the damages sustained by Plaintiff as a result of Defendant's RESPA violations and award Plaintiff:

   a. actual damages; and
   b. additional damages as the court may allow, in the case of a pattern or practice of noncompliance with 12 USC § 2605, up to $2,000. *See* 12 U.S.C. § 2605(f)(1)(A); 12 U.S.C. § 2605(f)(1)(B).

H. Determine the damages sustained by the Class as a result of Defendant's RESPA violations, and award the Class:

   a. actual damages of each borrower; and
   b. additional damages as the court may allow, in the case of a pattern or practice of noncompliance with 12 USC § 2605, up to $2,000; or
   c. $1,000,000; or
   d. 1 per centum of the net worth of Defendant; *See* 12 U.S.C. § 2605(f)(2)(A); *See* 12 U.S.C. § 2605(f)(2)(B); *See* 12 U.S.C. § 2605(f)(2)(B)(i); *See* 12 U.S.C. § 2605(f)(2)(B)(ii).

I. Award Plaintiff and the Class their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees, expenses and costs.

J. Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law.

K. Grant Plaintiff and the Class a preliminary and permanent injunction.

L. Grant Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a trial by jury on all issues so triable.

Dated: February 1, 2021

Plaintiff
By His Attorneys,

/s/ Jeffrey S. Morneau
Jeffrey S. Morneau, Esquire (BBO #643668)
Chelsea Choi, Esquire (BBO # 697440)
CONNOR & MORNEAU, LLP
273 State Street, 2nd Floor
Springfield, Massachusetts 01103
Tel:   (413) 455-1730
Fax:   (413) 455-1594
jmorneau@cmolawyers.com
cchoi@cmolawyers.com

Case 3:21-cv-30011-KAR   Document 1   Filed 02/01/21   Page 14 of 14